UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

(CIVIL ORDER--GENERAL)

Civil Case No. CV-03-314 TUC-JMR    Date: July 9, 2003

Title Rock of Gibraltor, LLC v. Manfredo, et al.
================================================================
**HONORABLE JOHN M. ROLL**

On June 19, 2003, Plaintiff Rock of Gibraltor LLC filed a complaint, alleging various claims including violation of RICO, fraud, negligent misrepresentation, conversion and breach of fiduciary duty. The complaint was filed on behalf of Plaintiff by Sammye Richardson, an agent for Plaintiff. Because Richardson is not a licensed attorney, the Court struck the complaint by order dated June 19, 2003. The Court further provided Plaintiff until July 25, 2003, in which to retain counsel and for counsel to file a notice of appearance in this case. The Court warned that a failure to file such notice of appearance by this date may result in dismissal of this case.

On July 1, 2003, Plaintiff, again through Sammye Richardson, filed a "Request for Recusal and Notice of Conflict Plus Related Matters." Plaintiff seeks recusal of this Court based on conflict. The only support for recusal provided by Plaintiff is the following:

> Agent for Plaintiff and multiple parties have recently been victimized by a Federal Judge, Oliver Wanger, who concealed his relationship with the Defendants. His failure to disclose caused horrible consequences, a [f]raudulent [i]nvoluntary [b]ankruptcy against the agent of Rock and the resultant heinous implications that have brought about this



complaint.

> It is imperative that Judge Roll recuse himself pursuant to [28 U.S.C. § 455] without any further details about the conflict. This recusal is in compliance of informing the court the moment Plaintiff discovered the conflict through a Tucson Public information source faxed to Plaintiffs on Monday the 23rd, 2003, and confirmed on the 25th of June 2003.

Before the Court struck Plaintiff's complaint, the Court independently reviewed it for a conflict and determined that no conflict existed. Plaintiff has provided no information concerning an alleged conflict. To the extent Plaintiff is seeking recusal of this Court because Judge Roll is a federal district judge and its allegations are against another federal district judge, recusal is inappropriate on this basis alone. Accordingly, without further information as to the alleged conflict, Plaintiff's request for recusal is denied.

Plaintiff also states in her request for recusal that "Arizona [l]aw has been grey in the area [whether] or not a [non-attorney] can represent an LLC[;] [b]ut the [l]egislative body is clear on the [l]aw as of July 1, 2003, that a [non-attorney] can represent an Arizona Limited Liability Company but not a [c]orporation." Plaintiff has provided no support for this argument. It is highly unlikely that an Arizona law became effective on July 1, 2003, as most new laws in Arizona become effective 60-90 days after the Arizona legislative session, unless it is emergency legislation.

The Court does note that Rule 31(a)(3) of the Arizona Rules of the Supreme Court addresses who has the privilege to practice law

in the State of Arizona. This rule provides that: "[N]o person shall practice law in this state . . . unless he is an active member of the state bar . . . ." Section (a)(4) of the same rule provides exceptions to the rule. Several of the exceptions allow an officer/agent or employee to represent a corporation in certain proceedings. These proceedings include proceedings before the Department of Economic Security, Arizona Tax Court's small claims division, Industrial Commission of Arizona, Arizona Division of Occupational Safety and Health, Department of Health Services, and Office of Administrative Hearings. None of the exceptions allow an agent or officer of a corporation to represent the corporation in a judicial proceeding in federal court. Although Rule 31 has been amended, sections (a)(3) and (a)(4) of the Rule were not affected.

Accordingly,

**IT IS ORDERED** that Plaintiff's Request for Recusal is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 25, 2003,** in which to obtain counsel to represent it in this matter. Plaintiff is reminded that a failure to secure counsel by that date may result in dismissal of this case.

_____
JOHN M. ROLL
U.S. District Court Judge