```
                            ┌─────────────────────────────────┐
                            │ ___ FILED      ___ LODGED       │
                            │ ___ RECEIVED   ___ COPY         │
                            │   ┌─────────────────────┐       │
                            │   │    JUL 2 3 2003     │       │
                            │   └─────────────────────┘       │
                            └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

(CIVIL ORDER--GENERAL)

Civil Case No. <u>CV-03-314 TUC-JMR</u>   Date: <u>July 16, 2003</u>

Title <u>Rock of Gibraltor, LLC v. Manfredo, et al.</u>
===============================================================
**HONORABLE JOHN M. ROLL**

    On June 19, 2003, Plaintiff Rock of Gibraltor LLC filed a complaint, alleging various claims including violation of RICO, fraud, negligent misrepresentation, conversion and breach of fiduciary duty. The complaint was filed on behalf of Plaintiff by Sammye Richardson, an agent for Plaintiff. Because Richardson is not a licensed attorney, the Court struck the complaint by order dated June 19, 2003. The Court further provided Plaintiff until July 25, 2003, in which to retain counsel and for counsel to file a notice of appearance in this case. The Court warned that a failure to file such notice of appearance by this date may result in dismissal of this case.

    On July 1, 2003, Plaintiff, through Sammye Richardson, filed a "Request for Recusal and Notice of Conflict Plus Related Matters." The Court denied Plaintiff's request for a recusal by order dated July 9, 2003.



On July 10, 2003, Plaintiff, again through Sammye Richardson, filed a "Supplemental Complaint." Plaintiff altered the case number to read: "CR-03-314 TUC JMR". To the extent Plaintiff is attempting to file a criminal complaint, it is improper. Plaintiff, as a private individual, cannot initiate a criminal prosecution. *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964). Indeed, "in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints." *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2nd Cir. 1972).

To the extent Plaintiff is seeking to supplement its original complaint, it too is improper. The original complaint has been stricken in this matter. Therefore, there is no complaint to supplement. In addition, the proposed "Supplemental Complaint" was filed on Plaintiff's behalf by a non-attorney. Accordingly, it too must be stricken.

On July 10, 2003, Plaintiff also filed a financial affidavit. Although no motion accompanied this affidavit, Plaintiff did submit a proposed order to proceed in forma pauperis. However, Plaintiff has already submitted the $150.00 filing fee in this matter. Although the Court could grant Plaintiff's request to proceed in forma pauperis by providing for service of the complaint at the government's expense, there is no valid complaint to serve in this

matter. In addition, it appears that the financial affidavit concerns the financial status of Sammye Richardson. Ms. Richardson is not the plaintiff in this case. The plaintiff is Rock of Gibraltor. Accordingly, Plaintiff's request to proceed in forma pauperis is denied.

The Court has received a telephone call from one of the named defendants in this case seeking information on how to request a hearing. Apparently, Plaintiff has served a number of the named Defendants. Because there is no valid complaint in this matter, Plaintiff is prohibited from serving the original or supplemental complaint on any of the named defendants and all attempted service on these defendants up to this date is quashed.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Supplemental Complaint" is **STRICKEN**.

**IT IS FURTHER ORDERED** that to the extent that Plaintiff is seeking to proceed in forma pauperis, its request is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from serving the original or supplemental complaint on any of the named defendants until it retains an attorney and a valid complaint is filed.

**IT IS FURTHER ORDERED** that any attempted service on the defendants up to this date is **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 25, 2003,** in which to obtain counsel to represent it in this matter. Plaintiff is reminded that a failure to secure counsel by that date may result in dismissal of this case.

```
_____
JOHN M. ROLL
U.S. District Court Judge
```